### WARE v. HILL, Warden.
### No. 107.

District Court, M. D. Pennsylvania.
July 17, 1939.

Clyde C. Ware in pro. per.

Herman Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a rule to show cause why a writ of habeas corpus should not issue. The rule was granted on the petition of Clyde C. Ware, a prisoner in the Northeastern Penitentiary at Lewisburg, Pennsylvania, and on the return day an answer was filed by the respondent.

The petitioner was sentenced to eighteen months' imprisonment on each of two indictments, the sentences to run concurrently for a total period of eighteen months. The service of these sentences commenced on June 4, 1938, and with deductions for good conduct under Section 710 of 18 U.S. C.A. as interpeted by the prison authorities, the petitioner will be entitled to release on August 17, 1939, provided his "good time" is not forfeited prior to that date. In computing petitioner's deduction for good conduct the penitentiary authorities have allowed him six days a month on the basis of a total sentence of eighteen months, or one hundred and eight days.

Petitioner contends that under section 710 his deduction for good conduct should be computed at the rate of seven days a month on a total sentence of thirty-six months, or two hundred and fifty-two days. If this contention is sound, petitioner was entitled to release on March 26, 1939.

The applicable portion of section 710 provides: "Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: Upon a sentence of not less than

six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each month; upon a sentence of not more than three years and less than five years, seven days for each month * * *. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

Under this statute each prisoner is entitled to a deduction for good conduct based upon the maximum period of confinement under the sentences which he is serving. The petition alleges a total maximum period of confinement under the two sentences of eighteen months, and the deduction for good conduct is properly computed on the basis of this period. Thus, there is no merit in petitioner's contention. Under the statute he is entitled to a total deduction for good conduct of six days per month on the basis of eighteen months, or one hundred and eight days.

If the statute were construed according to petitioner's contention, a prisoner with four or more concurrent sentences of eighteen months would be entitled to a larger deduction for good conduct than the maximum time to be served under his sentences. This is not the intention of Congress. The last sentence in section 710 relates to consecutive sentences, and has no application where sentences run concurrently.

It is ordered that the petition for a writ of habeas corpus be and hereby is dismissed, and the rule granted thereon discharged.