### MILLS v. ADERHOLD, Warden.
### No. 1965.

Circuit Court of Appeals, Tenth Circuit.
March 21, 1940.

---

Alious Rockett, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from an order denying a petition for a writ of habeas corpus. An indictment containing three counts was returned against petitioner and one Pearl Mills in the United States Court for Northern Oklahoma. The first count charged that on or about July 8, 1935, in the backyard of the premises at 1132 South Quincy Street, in Tulsa, Oklahoma, the defendants received, concealed, sold and facilitated the transportation and concealment after importation of two hundred fifty-six grains of morphine which had theretofore been imported into the United States; the second charged that on the same date, at a point about four miles east of the intersection of Thirty-First Street and Lewis Street, in Tulsa County, they sold, bartered, exchanged and furnished to one E. J. Cannon approximately forty-four grains of morphine which was not then and there in the original stamped packages, or taken therefrom, and on which the special tax provided by law had not been paid; and the third charged that at such time and at such premises located at 1132 South Quincy Street, they made a like sale to Cannon of approximately three grains of morphine. Petitioner entered a plea of guilty to the first and second counts, and the third was dismissed. The court sentenced him on the first count to a term of five years in the penitentiary, and on the second count to a term of one year and a day, to begin at the expiration of the sentence on the first.

Commitment issued and respondent in his capacity as warden of the penitentiary at Leavenworth, Kansas, detains petitioner thereunder.

The contentions of petitioner are that the first and second counts charged the same offense; that since they were based upon separate and distinct statutes they could not be incorporated in a single indictment; that the court lacked power to provide that the sentence on the second count should begin at the expiration of that on the first; and that the allowance for good conduct should not be computed on the aggregate of the two sentences.

The first count charged a crime under the Jones-Miller Act, 21 U.S.C.A. § 174, and the second charged an offense under the Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, § 2553. Each charged a separate and distinct offense. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Parmagini v. United States, 9 Cir., 42 F.2d 721, certiorari denied 283 U.S. 818, 51 S.Ct. 344, 75 L.Ed. 1434; Reger v. Hudspeth, 10 Cir., 103 F.2d 825. But it was not improper to charge both by separate counts in a single indictment. Blockburger v. United States, supra; Parmagini v. United States, supra.

It is urged that in reality the charges contained in the two counts related to a single transaction and therefore constituted a single offense for which only one sentence could be imposed. The test to be applied in determining the question of identity of offenses charged in two or more counts of an indictment or in separate indictments is whether each requires proof of fact which is not required by the others. Reger v. Hudspeth, supra. Here proof of receipt, concealment, sale, or facilitation of transportation, concealment or sale after importation at a described street address in the City of Tulsa was required to convict under the first count, while proof of sale, barter, exchange and furnishing of morphine to a named person, not from the original stamped packages, and at a wholly different place, was required to warrant conviction under the second. It thus is manifest that the two counts did not charge offenses growing out of a single continuous transaction.

The further contention that the court lacked power to provide that the sentence on the second count should begin at the expiration of that on the first is without

merit as it is well settled that a court may in the exercise of its discretion provide that two or more sentences on separate counts in an indictment shall run consecutively. Zerbst v. Walker, 10 Cir., 67 F.2d 667; Parmagini v. United States, supra.

The remaining contention that the warden erroneously computed allowance for good conduct on the aggregate of the two sentences is likewise without merit as it is not open to doubt that deductions for good time should be made on that basis. Eori v. Aderhold, 5 Cir., 53 F.2d 840; United States v. Greenhaus, 2 Cir., 89 F.2d 634.

The order denying the petition was right and is therefore affirmed.