## CROCKETT v. UNITED STATES.

### No. 10260.

Circuit Court of Appeals, Ninth Circuit.

May 21, 1943.

William C. Crockett, of Alcatraz, Cal., pro se.

Leo V. Silverstein, U. S. Atty., and Mildred L. Kluckhohn, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Southern District of California, Northern Division, denying appellant's petition to proceed in forma pauperis under 28 U.S.C.A. § 832[1] on a motion to vacate a judgment in which he was sentenced to twenty-five years in a penitentiary, which motion appellant claims is in the nature of a proceeding coram nobis.

Appellee contends that the order denying pauper relief is one entirely within the district court's uncontrolled discretion and therefore there is no merit in the appeal.

We do not agree that we can consider the merits of the court's action. Assuming that a proceeding coram nobis is an action of which the district court has jurisdiction, we regard the forma pauperis proceeding as an incidental part of the original criminal suit in which appellant was convicted. Appellant properly entitles his proposed motion and his affidavit of poverty as in that original criminal case.

The statute makes no specific provision for the appeal from such an order. We regard it as no more a final order under 28 U.S.C.A. § 225[2] than a judge's order to

---

[1] "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action * * * without being required to prepay fees or costs * * * or give security therefor, before or after bringing suit or action * * *, upon filing in said court a statement under oath in writing, that because of his poverty he is unable to pay the costs of said suit or action or of such writ of error or appeal, or to give security for the same, and that he believes he is entitled to the redress he seeks in such suit or action or writ of error or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal * * *."

[2] Providing that "The circuit courts of appeals shall have appellate jurisdiction to review by appeal final decisions * * * in the district courts * * *."

testify in a grand jury proceeding held not appealable in Cobbledick v. United States, 309 U.S. 323, 329, 60 S.Ct. 540, 84 L.Ed. 783. There the order to testify was final as to the witness so under compulsion, but it was held that he had a sufficient remedy by appeal in a contempt proceeding against him on his refusal to testify. In the discussion of what constituted "final decisions," the Cobbledick opinion (309 U.S. at pages 324, 325, 60 S.Ct. at page 541, 84 L.Ed. 783) states, "Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act *and has been departed from only when observance of it would practically defeat the right to any review at all.* Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration * * *." (Emphasis supplied.)

To the argument that a poor person, in effect, is denied the right to proceed at all and that the denial completely frustrates the purposes of the forma pauperis statute, it is sufficient to say that, as in the Cobbledick case, he has another remedy. If it be true that the district court has no uncontrolled discretion in making the order to file and proceed without cost, and that it must make it if appellant has complied with the statute, and that he has so complied, then appellant may compel the court to make it by mandamus or certiorari.

In the recent case of Steffler v. United States, 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. —, Steffler lodged with the clerk of the district court a petition for leave to appeal forma pauperis from the denial of a motion to set aside the judgment sentencing him to imprisonment, similar to appellant's motion here. The district court declined to act and its clerk returned the papers to Steffler. Steffler then filed a like motion to appeal forma pauperis with the Circuit Court of Appeals for the Seventh Circuit. That court denied the motion. Steffler sought certiorari from the Supreme Court under § 262 of the Judicial Code, 28 U.S.C.A. § 377, providing generally for the issuance of writs by all the federal courts. The Supreme Court held that the district court should not have declined to consider and pass on the motion to appeal forma

pauperis and remanded the case to the district court for such action.

We hold that we cannot consider the merits of appellant's claim of error in the order appealed from, and that the appeal must be dismissed.

Appeal dismissed.