## KELLY v. UNITED STATES.

### No. 10426.

Circuit Court of Appeals, Ninth Circuit.

Oct. 14, 1943.

**490**

See, also, 135 F.2d 919.

Harry C. Kelly, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U.S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appeal from an order of the United States District Court denying appellant's motion to vacate and set aside a judgment and penitentiary sentence which followed the plea of guilty. The motion was made long after expiration of the term of court at which the judgment was pronounced and was based upon appellant's claim that the trial court is under the power and the duty of correcting an erroneous or void judgment whenever discovery of either fact is made.

Heretofore appellant sought release from prison upon the same state of facts as he presents here in a petition for the issuance of the writ of habeas corpus in which the district court having issued the writ and after a full hearing ordered the writ discharged and remanded petitioner to the custody of the respondent. This court affirmed on appeal. Kelly v. Johnston, 9 Cir., 128 F.2d 793.

It appears that appellant with an accomplice entered a United States Post Office, and while the custodian thereof was held off at the point of a loaded gun by appellant the two robbers took and made way with money and United States postage stamps.

Appellant was indicted under the provisions of 18 U.S.C.A. § 320, Criminal Code, § 197, which at that time was as follows :[1] "Assaulting mail custodian and robbing mail; wounding custodian. Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years. (R.S. §§ 5472, 5473; Mar. 4, 1909, c. 321, § 197, 35 Stat. 1126.)"

To come within the terms of this statute the personal property stolen must be "mail matter" or "mail." In the habeas corpus proceeding we said that money and postage stamps *could be* "mail matter" or "mail," that is, in the mail as distinguished from cash and stamps owned by the government but not in the mail.

By the instant motion within the original case appellant seeks to show that the stolen property was not in the mail, hence, his acts are not within the provisions of the statute. If he has a legal right at this time to show this situation in the trial court and does show it, it is obvious that the judgment must be vacated.

The petition under consideration is lengthy and involved as is generally the case in the work of a layman long addicted to the uncorrelated study of law in the interest of his own law involvement. It is assumed by the appellant in his petition to the district court that such court will take judicial notice of the habeas corpus proceeding above mentioned and of all the evidence adduced at the hearing thereon. This evidence includes the testimony of the post office inspectors as to appellant's statement to them concerning what was done by him during the robbery. Appellant claims such testimony shows that he did not commit the crime for which he is being punished and to which he plead-

[1] The quoted statute was amended in 1935 so as to include personal property though not in the mail. At the time under consideration there existed (and it is unchanged) another statute, Criminal Code, § 46, 18 U.S.C.A. § 99, defining robbery of personal property belonging to the United States. This statute provided the maximum penalty of imprisonment of ten years.

ed guilty. It is the belief of appellant that these facts are now within the knowledge of the trial court before which he pleaded guilty (another judge sitting) and that such court must set aside the conviction and sentence and set him free.

■ It would appear that the court denied the motion upon the ground that it was wholly without authority to grant the relief sought, and it therefore did not pass upon the question of judicial notice or upon the merits of appellant's claims as to the facts of the case. In this the district court was right. The authority of the trial court to change its judgment once pronounced is definitely limited. In the instant case the time for change of plea and for a motion for a new trial has long since expired. The same is true as to the term of court during which the judgment of imprisonment was pronounced. This narrows the road along which this motion must be driven, if driven at all, to those few instances wherein a judgment may be changed by the trial court after the expiration of the court term. These instances are so well defined in United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, and their application to the instant proceeding is so obvious that no comment is necessary. We quote from pages 68 and 69 of the opinion in 235 U.S., on page 19 of 35 S.Ct., 59 L.Ed. 129, "In view of the statutory and limited jurisdiction of the Federal district courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law; and even if it be assumed that in the case of errors in certain matters of fact, the district courts may exercise in criminal cases—as an incident to their powers expressly granted—a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error coram nobis (see Bishop, New Crim. Proc. 2d ed., § 1369), as to which we express no opinion, that authority would not reach the present case. This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.

In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Jud.Code, § 269 [28 U.S.C.A. § 391]),—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered." See Wetmore v. Karrick, 205 U.S. 141, 157, 27 S.Ct. 434, 51 L.Ed. 745. People v. Kretchmar, 23 Cal.App.2d 19, 72 P.2d 243, a case strikingly similar in principle to the instant case. 31 Am.Jur. § 798, p. 321.

Affirmed.

DENMAN, Circuit Judge (concurring).

This is a motion in the nature of a proceeding coram nobis to set aside a sentence. It was filed as a part of the criminal proceeding in the district court below of United States v. Kelly, and is so entitled and numbered. The moving papers disclose that it was unknown to the district court when a plea of guilty was entered that certain facts existed which, if known to it, would have compelled the dismissal of the indictment.

These facts are that the thefts with violence were not of mail matter. The issue is presented whether it is the absence of the court's knowledge of such facts which brings the instant case within the decisions of the analogous habeas corpus proceedings of Mooney v. Holohan, 294 U.S. 103, 110, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Hall v. Johnston, 9 Cir., 91 F.2d 363. It is my opinion that we should consider and dispose of the issue so tendered.

Here the facts as to what Kelly stole were at all times known to him. His sentence on conviction after the plea of guilty is the same as if he had been found guilty after a trial by court or by jury. His situation is as if, after verdict, he discovered that, through his ignorance of the law or that of his attorney, he had failed to offer evidence of facts of which he had full knowledge at the trial and which, if known

to the court, would have caused his acquittal.

Such are not the facts which, being unknown to the court, would warrant a setting aside of a judgment of conviction in a motion alike to coram nobis. Assuming that that remedy exist (which, despite the hesitancy of our decision in Crockett v. United States, 9 Cir., 136 F.2d 11, I believe does exist) here we have no more than a mistake of law of which the appellant's ignorance is no defense.

The facts are not even after-discovered, in which appellant's remedy is confined to the term of court in which the conviction is had. They do not involve any fraud or unethical and oppressive conduct upon the part of the prosecution. It is not a case of the walking into court by the man of whose murder the moving party has been convicted, though there are similarities in the two situations. It is obvious that if there existed such a remedy as here claimed, the courts would be crowded with such motions.

This is clearly a case in which the denial of a remedy in the district court to a man untrained in the law and without counsel, causes him to continue to be imprisoned for a crime he did not commit. This was recognized in Kelly v. Johnston, 9 Cir., 128 F.2d 793. The testimony of the Government officers in appellant's habeas corpus proceeding shows he did not steal mail matter and this court so discussed the case in that proceeding. Kelly v. Johnston, supra. However, appellant is not without a remedy provided by law; that is his constitutional right to seek and obtain executive clemency. Cf. Clemency, 38 Code of Federal Regulations §§ 1.1 to 1.21; also 18 U.S.C.A. §§ 568, 728, 729, 730, 731, 732. This is frankly admitted in the discussion in the Government's brief.

Comment on the right to executive clemency is a customary function of a court in a suit in which a convicted man seeks relief.

I am in strong disagreement with the position taken in Judge Wilbur's opinion in the consideration of Kelly's habeas corpus proceeding. That opinion, supra, at pages 794 and 795 of 128 F.2d, in a discussion of the executive's pardoning function, seeks to establish in our federal system that, because Kelly has confessed to several other robberies for which he would be severely punishable under the *California* law, he should be incarcerated in a *federal* penitentiary for a *federal* crime he did not commit.

To me this is a dangerous distortion of any concept of *any* government of law, certainly of Anglo American law. It would substitute for a government of law the government of men acting extra-legally for the protection of California from persons it regarded as evil, though not convicted nor even indicted for any offense against that state.

What is so stated in Kelly v. Johnston, supra, is contrary to the principle recognized by the Supreme Court in Pettibone v. United States, 148 U.S. 197, 209, 210, 13 S.Ct. 542, 547, 37 L.Ed. 419, where the opinion of the court concludes with the holding "The defendants could neither be indicted nor convicted of a crime against the state in the circuit court, but their offence against United States consisted entirely in the violation of the statute of the United States by corruptly, or by threats or force, impeding or obstructing the due administration of justice. If they were not guilty of that, they could not be convicted; and neither the indictment nor the case can be helped out by reference to the alleged crime against the state, and the defendants be punished for the latter under the guise of a proceeding to punish them for an offence which they did not commit."

There is no need to belabor the point that no person, however evil, should be imprisoned for any crime, state or federal, which he did not commit. Kelly is entitled to executive clemency.