## ROWE v. PESCOR.

### No. 4735.

District Court, W. D. Missouri, W. D.
May 26, 1947.

812

Petitioner per se.

Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondent.

REEVES, District Judge.

The petitioner has two grounds for his complaint: First, he says he "was made to plead guilty by the F. B. I. Agents and his Lawyer;" second, he asserts that the sentences were illegal for the reason that both were imposed for the same alleged offense. The petitioner has submitted a copy of the indictment as well as a copy of the judgment and commitment. These have been examined and disclose the following:

The petitioner was represented by counsel at the time he entered his plea of guilty on February 1, 1945, in the Northern District of California. The first count charged that, on December 13, 1944 at Sacramento, California, the petitioner sold a quantity of marihuana, and that, in doing so, he was unregistered and with taxes unpaid. The second count charges on the same date he "did unlawfully, acquire and obtain said lot of marihuana without having first paid a transfer tax required by law * *."

An examination of the statute, 26 U.S.C. A.Int.Rev.Code, § 2590 et seq., shows that any person unregistered and without having paid the tax is forbidden to sell or dispense marihuana. Another statute forbids that any one should so acquire such drug except that he had first paid a transfer tax as required by law.

■ These are separate and distinct offenses and section 2596, Title 26 U.S.C.A. Int.Rev.Code, provides a penalty for each offense of not more than 5 years in prison or a fine of not more than $2000. The court, therefore, had jurisdiction to impose two sentences and to make one run consecutively to the other for the reason that two separate and distinct offenses were being considered and the petitioner entered pleas of guilty to both of them.

■ By Section 454, 28 U.S.C.A., it is required that a complaint for a writ of habeas corpus shall set out in detail the facts of his wrongful detention. The averment that the petitioner "was made to plead by the F. B. I. Agent and his Lawyer" would be wholly insufficient. It is presumed that the attorney for the petitioner in the cases mentioned faithfully represented his best interests. Moreover there is no detail as required by statute as to the acts of the F. B. I. agents in compelling pleas of guilty.

In view of the above the complaint does not state a cause of action and should be dismissed. It will be so ordered.