**WILSON v. HUNTER, Warden.**

No. 4007.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1950.

See also 167 F.2d 223.

Leslie A. Gross, Denver, Colo., for appellant.

Lester Luther, United States Attorney, and Malcolm Miller, Assistant United States Attorney, Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Cecil Robert Wilson, an inmate of the Federal Penitentiary at Leavenworth, Kansas, instituted this proceeding in habeas corpus against Warden Hunter, in the United States District Court for the District of Kansas. From an order discharging the writ, petitioner has appealed.

The undisputed facts are these. Petitioner was indicted, tried, and convicted in the United States District Court for the Eastern District of Kentucky on three counts charging a violation of 18 U.S.C.A. § 398, now 18 U.S.C.A. § 2421, Mann Act. He was sentenced January 23, 1947, to three years on Count One, three years on Count Two, and five years on Count Three. The sentence provided "that the sentence on count two shall be served after the sentence on count one has been completed, and the sentence on count three shall be served concurrently with the sentence on count one and concurrently with the first two years of the sentence on count two, making a total in all to be served of six years."

The sole question in this case is the amount of good time to which appellant is entitled.

Prior to September 1, 1948, the applicable statute, 18 U.S.C.A. § 710, provided for good time as follows: "Upon a sentence of not less than six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month."

The concluding sentence of the section provided that: "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

Appellant contends that when he received his sentence of three years on Count One, three years on Count Two, and five years on Count Three, the latter to run concurrently with the sentence on Count One and the first two years of the sentence on Count Two, he received an aggregate sentence of eleven years, and therefore, under the last quoted provision of Section 710, in effect prior to September 1, 1948, he was entitled to good time at the rate of ten days per month, whereas, he was given credit only for eight days per month. This contention is without merit.

The aggregate of two or more sentences is the total amount of time the prisoner is required to serve. This is the construction

placed upon the statute under which appellant was sentenced. In Ware v. Hill, D.C., 28 F.Supp. 346, the prisoner received two sentences of eighteen months each, running concurrently. The petitioner there, as here, contended that the aggregate of his sentence was thirty-six months, notwithstanding that he served the two sentences concurrently and could be incarcerated only for eighteen months without the allowance 'of any good time. The court, however, held that the aggregate of the two sentences, for the purpose of computing good time, was eighteen months, the maximum time he could be incarcerated.

Section 710 was amended by an enactment effective September 1, 1948. The only change in the section was in the concluding sentence thereof. It was made to read as follows: "When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed." 18 U.S.C.A. § 4161. The only change was the addition of the word "consecutive".

This makes it clear that only consecutive sentences are to be aggregated for the purpose of determining the amount of good time, and clearly negatives a congressional intent that two or more concurrent sentences are to be aggregated for the purpose of computing the monthly allowable good time.

Affirmed.