## HURST v. ZARTER et al.

### No. 4400.

United States Court of Appeals
Tenth Circuit.

April 8, 1952.

See also 177 F.2d 894 and 180 F.2d 835.

Harley V. Hurst, pro se.

Lester Luther, U. S. Atty., and V. J. Bowersock, Asst. U. S. Atty., Topeka, Kan., for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PER CURIAM.

Hurst has undertaken to appeal from an order denying him permission to prosecute, in forma pauperis, a proceeding seeking a restraining order against the appellees.

Hurst was charged by an indictment containing two counts returned in the United States District Court for the Western District of Oklahoma with violations of 12 U.S.C.A. § 588b (now 18 U.S.C.A. § 2113). He entered a plea of guilty to both counts. He was sentenced to imprisonment for a term of ten years on Count One and imposition of sentence on Count Two was suspended and he was ordered to be placed on probation for a term of five years from the expiration of, or upon his legal release from the sentence imposed on Count One.

Hurst was received at the Leavenworth Penitentiary on May 16, 1947, and began serving the ten year sentence. On March 19, 1948, he was tried on an indictment returned in the United States District Court for the Eastern District of Oklahoma, charging a violation of 12 U.S.C.A. § 588b. He was convicted and sentenced to imprisonment for a term of five years, to begin on the day of his release from custody on the sentence imposed on the indictment returned in the Western District of Oklahoma.

In accordance with the provisions of 18 U.S.C.A. § 4161 the prison authorities aggregated the ten year sentence and the five year sentence as a basis for computing allowance for good conduct provided for in such section.

Hurst contends that he cannot lawfully be imprisoned on the five year sentence until he has been placed on probation for a period of five years following discharge from, or expiration of, the ten year sentence, or, according to his computation, until May 12, 1962.

It has been held that an order denying permission to prosecute an action in forma pauperis under 28 U.S.C.A. § 1915 is not a final order and is not appealable.[1]

Imposition of sentence on the second count of the indictment returned in the Western District of Oklahoma was suspended and no sentence was imposed on that count. The five year sentence, by its terms, is to commence at the expiration of the ten year sentence. The ten year sentence and the five year sentence were properly aggregated for the purpose of computing good conduct allowance under 18 U.S.C.A. § 4161.

The complaint seeking injunctive relief was clearly without merit.

The appeal is dismissed.

---

1. Crockett v. United States, 9 Cir., 136 F.2d 11; Sinclair Refining Co. v. Tompkins, 5 Cir., 133 F.2d 198.