### GODWIN v. U. S. DEPARTMENT OF JUSTICE et al.

### No. 4474.

United States Court of Appeals
Tenth Circuit.

May 27, 1952.

W. H. Erickson, Denver, Colo., for appellant.

Ernest J. Rice, Asst. U. S. Atty. (Lester Luther, U. S. Atty., Topeka, Kan., and Eugene W. Davis, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

### PER CURIAM.

Appellant sought release by habeas corpus from confinement under two consecutive sentences he is serving in the Federal Penitentiary at Leavenworth, Kansas. He contends that the prison authorities erred in aggregating his two sentences for the purpose of computing good time allowance and that if the sentences are separately considered for that purpose, as he contends they must be considered, he has served his time on both sentences and is entitled to release. He has appealed from a judgment denying him his release.

We have consistently held that separate sentences are considered as a single sentence, consisting of the aggregate of such sentences, for the purpose of computing good time allowance.[1]

It is conceded that if the two sentences appellant is serving are aggregated and considered as a single sentence for the compu-

---

1. Grant v. Hunter, 10 Cir., 166 F.2d 673; Mills v. Aderhold, 10 Cir., 110 F.2d 765.

tation of good time allowance, as they must be, he is not now entitled to release. Since that is so, this action is premature.

The judgment appealed from is, therefore, affirmed.