Jack **BEACHAM**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 4957.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1955.

Raymond Joseph Connell, Denver, Colo. (Jack Beacham, pro se, on the brief), for appellant.

B. Hayden Crawford, U. S. Atty., Tulsa, Okl., for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying defendant's motion to vacate his sentence under Section 2255, Title 28 U.S. C.A.

Appellant Beacham was tried and convicted upon three counts of an indictment charging him with violations of the federal narcotic laws. The first count charged that on or about December 6, 1953, Beacham acquired by transfer two marihuana cigarettes without having paid the tax imposed by law, in violation of Title 26 U.S.C.A. § 2593. The second count charged that on the same date Beacham unlawfully transferred and sold two marihuana cigarettes to a named individual, in that the transfer was not made pursuant to a written order on a form issued for that purpose by the Secretary of the Treasury of the United States, in violation of Title 26 U.S.C.A. § 2591. Count three recited that Beacham, from about June 1, 1953 to December 7, 1953, did sell, deal in, distribute, and give away marihuana cigarettes without having registered and paid the special tax required by law, in violation of Section 3234 of Title 26 U.S.C.A.

The court imposed consecutive sentences of five years on each count of the indictment.

Appellant contends this sentence is void to the extent of ten years, because he committed only one crime; that the court did not have jurisdiction to impose consecutive sentences in view of the fact he was a first offender under the narcotics laws; that in any event the acts alleged to have been violated were merely tax acts under which penalties could not be lawfully assessed.

In its order denying the motion to vacate, the trial court held that the defendant was convicted on three separate and independent counts and was subject to a sentence of five years on each count which could be assessed to run consecutively at the discretion of the court. We agree.

 The traditional test of identity of offenses is "whether the same evidence is required to sustain them". Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L. Ed. 489; United States v. Beacon Brass Co., 344 U.S. 43, 45, 73 S.Ct. 77, 97 L. Ed. 61; Rosenberg v. United States, 346 U.S. 273, 294, 73 S.Ct. 1152, 97 L.Ed. 1607; Pereira v. United States, 347 U.S. 1, 9, 74 S.Ct. 358; Bell v. United States, 6 Cir., 213 F.2d 629; Newman v. United States, 6 Cir., 212 F.2d 450; Crabtree v. United States, 5 Cir., 209 F.2d 164; United States v. Brown, 7 Cir., 207 F.2d 310; McDade v. United States, 6 Cir., 206 F.2d 494, 495; Rawls v. United States, 10 Cir., 162 F.2d 798; Lindsay v. United States, 10 Cir., 134 F.2d 960; Tiller v. Hudspeth, 10 Cir., 131 F.2d 188; Mills v. Aderhold, 10 Cir., 110 F.2d 765; Casebeer v. United States, 10 Cir., 87 F.2d 668. The offenses charged in the three counts of this indictment arise from different statutes which relate to and prohibit different phases of the narcotics trade. It is obvious that each statute requires proof of a fact which the others do not. Under count one, proof was required to show the unlawful acquisition of marihuana cigarettes by the defendant without payment of the tax; while under count two proof was required of the unlawful sale by the defendant of marihuana cigarettes to another without a written order from that person on the form prescribed by the United States treasury; and under count three, proof was required to show the sale and distribution of marihuana cigarettes by the defendant without proper registration and payment of a lawful tax.

 The penal section of the Act relating to marihuana to the effect that "any person who is convicted of a violation of any provision * * * shall be fined not more than $2,000 or imprisoned not more than five years, or both, in the discretion of the court" 26 U.S.C.A. § 2596, plainly means that each separate and distinct offense is subject to the penalty prescribed, Blockburger v.

United States, supra; Normandale v. United States, 5 Cir., 201 F.2d 463; Crabtree v. United States, supra; Newman v. United States, supra; Rowe v. Pescor, D.C.Mo., 1947, 72 F.Supp. 811, without reference to the previous record of the offender. And the determination of whether the sentence shall run consecutively is discretionary with the trial court. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Ziebart v. Hunter, 10 Cir., 177 F.2d 847; Mills v. Aderhold, 10 Cir., 110 F.2d 765; Rowe v. Pescor, supra.

The judgment is affirmed.