### Application of Raymond C. HODGE, For Certificate of Probable Cause.

**M-686.**

**Undocketed.**

United States Court of Appeals
Ninth Circuit.

Oct. 21, 1957.

Raymond C. Hodge, Represa, Cal., for petitioner, in pro. per.

Edmund G. Brown, Atty. Gen., of California, for respondent.

POPE, Circuit Judge.

Petitioner has applied to me for a certificate of probable cause pursuant to the provisions of § 2253, Title 28 U.S.C.A., relating to appeals from final orders in habeas corpus proceedings. He is confined in the California State Prison at Folsom, California, in custody of the Warden pursuant to a life sentence imposed upon him by a California court following his plea of guilty to a charge of murder in the first degree.

Following certain proceedings in the State courts, which are hereafter detailed, in which he sought his release on applications for various writs, he filed his petition for a writ of habeas corpus in the United States District Court for the Northern District of California, Northern Division. With his petition for a writ of habeas corpus he filed an affidavit and an application for leave to proceed upon that petition in forma pauperis. The affidavit conformed to the requirements of § 1915, Tit. 28, U.S.C.A. The district court denied the application for leave to proceed in forma pauperis on the ground that the petition failed to show that the court had jurisdiction and hence the court was duty bound to terminate the proceedings forthwith.

The court's order recited that the petition for the writ disclosed that petitioner had not exhausted his remedies in the State courts in that he had failed to pursue that State court remedy in an adequate proceeding before the United States Supreme Court.[1] The district

---

[1] Petitioner also made a motion seeking to have the court appoint an attorney to represent him in the prosecution of his petition. This was denied on the ground that the proceeding was in the nature of a civil action for which the court was not required to provide counsel.

court's order, from which petitioner now seeks to appeal, was that his motion to file his petition for a writ of habeas corpus in forma pauperis was denied. Petitioner filed timely notice of appeal which recited that he was appealing from the denial of his petition for writ of habeas corpus and from the denial of his application to proceed in forma pauperis.

In considering this application I am assuming that the order denying leave to proceed in forma pauperis is an appealable order notwithstanding the former decision of this court to the contrary in Crockett v. United States, 9 Cir., 136 F. 2d 11. As now advised, it would be my view in the light of what the Supreme Court said in Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 1, 87 L.Ed. 3, that the Crockett case was wrongly decided.[2] I cannot see how it could any longer be regarded as good law since Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L. Ed.2d 593. This is not the only court which has had to alter its holdings since the last two cases were decided. Cf. United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662.

But even though I assume that the order denying leave to appeal in forma pauperis is an appealable order, I am compelled to deny a certificate of probable cause for it is manifest that the trial court was correct in holding that the petition for the writ of habeas corpus shows upon its face that the petitioner had failed to exhaust his State remedies in the manner required by Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (which holds that one who seeks to exhaust his state remedies should complete that exhaustion by application for review in the United States Supreme Court).

The substantive allegations of applicant's petition for the writ of habeas corpus are generally to the effect that his plea of guilty to the indictment charging murder was procured from him and induced by unconstitutional means and through a denial of due process. He says that his plea of guilty was forced first, by subjecting him to cruel treatment while he was imprisoned in San Quentin Penitentiary prior to his trial; and second, through the denial to him of effective representation of counsel in that court appointed counsel forced him to plead guilty and refused to prepare a defense for him, and refused to investigate and determine, as they might have done, that his prosecution was being carried on through the known use of perjured testimony. He alleged certain acts of misconduct on the part of the prosecuting attorney which also led to his guilty plea.

The allegations as to the remedy sought by him in the State courts set forth in his petition, are stated in the margin.[3]

---

2. United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, appears to be to the contrary. Higgins v. Steele, 8 Cir., 195 F.2d 366, while stating the rule of the Crockett case, recites that the Eighth Circuit in other cases has entertained appeals from such orders. See also Hurst v. Zarter, 10 Cir., 195 F. 2d 526.

3. "(a) Petition for writ of habeas corpus #5657 in the Supreme Court of California on October 14, 1954, petition denied without hearing or opinion on November 10, 1954. (43 A.C. 654.)

"(b) Petition for writ of habeas corpus #5708 filed in the Supreme Court of California on February 28, 1955, petition denied without hearing or opinion on March 16, 1955 (44 A.C. 201(2)).

"(c) Petition for writ of certiorari, Mis. #107, October Term, 1955, filed in the United States Supreme Court on June 20, 1955; petition dismissed upon request of petitioner on the 29th day of August, 1955 [350 U.S. 802, 76 S.Ct. 36, 100 L.Ed. 721].

"(d) Petition for writ of habeas corpus #5803 filed in the Supreme Court of California on October 4, 1955; petition denied without hearing or opinion on October 19, 1955 (45 A.C. 564 (2), rehearing denied November 16, 1955 (45 A.C. 564(2)).

"(e) Petition for writ of error coram nobis #26884 filed in the Superior Court of the State of California, in and for the County of Marin, on March 12, 1956; petition for writ of error coram nobis de-

After two petitions for writ of habeas corpus in the Supreme Court of California, the petitioner filed a petition for writ of certiorari in the United States Supreme Court on June 20, 1955, which he himself proceeded to dismiss. (See 350 U.S. 802, 76 S.Ct. 36, 100 L.Ed. 721.) He then filed another petition for the writ of habeas corpus in the Supreme Court of California on October 4, 1955. After this was denied his efforts to seek a writ of habeas corpus in the State courts appear to have terminated.[4] On March 12, 1956, petitioner began his process of seeking a writ of error coram nobis. The denial in the Superior Court was affirmed in the District Court of Appeal in the case mentioned in footnote 4 supra; hearing was denied in the Supreme Court and his petition for writ of certiorari was denied. 354 U.S. 942, 77 S.Ct. 1407, 1 L.Ed.2d 1540. As disclosed in the decision of the District Court of Appeal mentioned above the coram nobis proceeding

was not available to him for the purpose of presenting his claims.[5]

Petitioner, who apparently is a layman, and who has done a remarkable job of drafting legal papers in this matter, and has shown extraordinary understanding and ability, appreciates the fact that he is in difficulties for failure to exhaust his State remedies, and seeks to avoid those difficulties by alleging that there is an absence of adequate state remedies to test his constitutional rights.[6] He alleges specifically that the writs of habeas corpus and error coram nobis in the state courts were ineffective and inadequate. In this petitioner is plainly and manifestly wrong, as is demonstrated by Ex parte James, 38 Cal.2d 302, 240 P.2d 596. Cf. Thomas v. Teets, 9 Cir., 205 F.2d 236, 239, and Mooney v. Holohan, 294 U.S. 103, 113, 55 S.Ct. 340, 98 A.L.R. 406. As held in Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469, a failure

---

nied without hearing or opinion March 26, 1956.

"(f) Denial of petition for writ of error coram nobis appealed to the District Court of Appeal of the State of California, First Appellate District, Division Two, #3244, on the 2nd day of April, 1956; briefs were filed and on the 15th day of January, 1957, the District Court of Appeal of the State of California, First Appellate District, Division Two, handed down an opinion affirming the trial court's dismissal of the petition without hearing (—— Cal.App.2d —— [147 Cal.App.2d 591, 305 P.2d 957]); petition for rehearing denied February 14, 1957 (—— Cal.App.2d ——).

"(g) Petition for hearing in the Supreme Court of the State of California filed February 14, 1957, petition for hearing denied without opinion on March 13, 1957 (—— Cal.2d ——).

"(h) On June 10, 1957, petitioner filed with the Supreme Court of the United States a petition for the writ of certiorari to the District Court of Appeal of the State of California, First Appellate District, Division Two, No. Misc. 818, October Term, 1956; the United States Supreme Court declined to exercise its power of review on June 24, 1957 (353 U.S. ——). [Actually 354 U.S. 942, 77 S.Ct. 1407, 1 L.Ed.2d 1540.]

"(i) Petitioner has heretofore actually and properly presented to all of the above State courts the precise allegations of abrogations of Constitutional rights which are herein alleged."

4. The explanation for this dismissal may be that suggested in one of the cases to which he refers, People v. Hodge, 147 Cal.App.2d 591, 305 P.2d 957, 959. The court there refers to petitioner's statement that he had "discovered that coram nobis is his proper remedy, and now seeks it."

5. "Further, 'the claim of lack of effective aid of counsel cannot be asserted in a coram nobis proceeding.' People v. Fritz, 140 Cal.App.2d 618, 622, 295 P.2d 449, 452." 305 P.2d 960.

6. He alleges in part as follows: "(f) That there is an absence of adequate State remedies to test the allegations of violations of the Constitutional immunities and safeguards by the prosecution's knowing and willful subornation and use of perjured testimony, ineffective aid and assistance of counsel, suppression of evidence, coercion and duress resulting in an involuntary plea of guilty, and coercion and prejudicing of witnesses, all of which deprived petitioner of *Due Process of Law* under the *Fourteenth Amendment* of the *Constitution of the United States.*"

846 ■

to use a state's available remedy bars federal habeas corpus.

Since the trial court was correct in denying leave to proceed in forma pauperis because the petition for the writ of habeas corpus shows on its face that petitioner had not exhausted his state remedies in the respect held indispensable in Darr v. Burford, supra, it is apparent that petitioner is not entitled to a certificate of probable cause.

Certificate denied.