John Buford GIBSON, Appellant,

v.

C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5847.

United States Court of Appeals Tenth Circuit.

Aug. 22, 1958.

Roger Cisneros, Denver, Colo., for appellant.

John Buford Gibson, pro se.

William C. Farmer, U. S. Atty., Topeka, Kan. (Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This appeal is from an order discharging a writ of habeas corpus and remanding the petitioner to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas.

The facts are not in dispute. The petitioner was sentenced to four years imprisonment in May, 1939, and escaped while serving this sentence. After ap-

prehension in January, 1940, he was sentenced to five years imprisonment for the escape. The escape sentence was "to commence when and as the sentence being served at the time of his escape has terminated". On the same day he was also sentenced on two other indictments. On one of these a five year sentence was imposed which was to commence at the termination of the escape sentence, and on the other, a five year sentence was given which was to commence when the other two sentences pronounced that day were "completed or terminated as provided by law".

After this rather fruitful day in court, the petitioner was incarcerated for service of the sentences imposed upon him. On September 23, 1950 he was conditionally released, but less than five years later, on August 12, 1955, he was sentenced by another Federal Court to three years imprisonment. On June 14, 1955 the Board of Parole, acting under the provisions of Title 18 U.S.C.A. Section 4205, issued a conditional release violator warrant which was not served until September 30, 1957, while he was still serving this last sentence. Thereafter the conditional release was revoked and the petitioner ordered to serve the original sentences.

▇▇▇ The service of the first sentences was interrupted by the violation committed while on conditional release, and completion of the service of these sentences could be required after the petitioner had been released from the service of the sentence imposed in 1955. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. We find no merit in the contention that the Board of Parole had no authority to serve the warrant over two years after it was issued, as the Zerbst case clearly indicated the Board could require completion of the original sentences at any time before their expiration. The sentences had not expired at the time of the service of the warrant.

▇▇▇ The petitioner further contends that as the Federal Court which sentenced him in 1940 had used the phrase "to commence when and as the sentences * * * [already imposed] have been completed or terminated as provided by law", there was no intent shown that the sentences were to be consecutive. Therefore, he argues, when he was conditionally released, he had completed the service of the first two sentences imposed on him, and when his conditional release was revoked he could not be required to serve good time he earned on those sentences. The District Court concluded that "this contention is without substance and what the [sentencing] Court in fact did was to impose consecutive sentences, and that for the purpose of computing good time deductions the sentences must be aggregated and considered as a sentence of nineteen years under Title 18 [U.S.C.] § 4161. If this is so, it follows that when he violated his conditional release and was retaken the authorities correctly revoked good time earned and that such revocation applied to all these sentences * * *." The language of the sentencing Court is such as to make it clear that the sentences were to run consecutively. Criminal sentences cannot possibly eliminate every conceivable doubt as to their meaning. All that is necessary is that they disclose on their face a fair certainty of the intent of the trial court. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Ong v. Hunter, 10 Cir., 196 F.2d 256; Smith v. United States, 10 Cir., 177 F.2d 434; Ziebart v. Hunter, 10 Cir., 177 F.2d 847. We find no uncertainty in the meaning of these sentences and agree with the Trial Court that the sentencing Court intended them to be served consecutively. The sentences were properly aggregated for the purpose of computing good conduct allowance under Title 18 U.S.C.A. Section 4161. Hurst v. Zarter, 10 Cir., 195 F.2d 526; Wilson v. Hunter, 10 Cir., 180 F.2d 456; Grant v. Hunter, 10 Cir., 166 F.2d 673; Mills v. Aderhold, 10 Cir., 110 F.2d 765.

Affirmed.