Sammy Joe DOWNEY, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7503.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1964.

Sandy Frederick Kraemer, Colorado Springs, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and KERR, District Judge.

PER CURIAM.

The appeal is from an order denying appellant's petition for a writ of habeas corpus.

The record shows that in 1958 appellant was convicted under the Dyer Act, 18 U.S.C.A. § 2311 et seq., in the Western District of Missouri and received a five year institutional sentence. In 1960, while serving that sentence, he escaped from custody and, after being apprehended, received an eighteen month sentence for the escape. The Judgment and Commitment upon that sentence recites: "Said sentence to be served consecutively to any other sentence or sentences now being served." The "good time" earned by appellant up to the date of his escape was forfeited and the two sentences were aggregated by the Bureau of Prisons for the purpose of computing the time to be served. Under this method of computation appellant served the time required for a mandatory release and, with the "good time" credit earned after his return from the escape, had 608 days remaining unserved under the two sentences. The conditions of his mandatory release were thereafter violated, the release was revoked and he was returned to the institution to serve the remainder of the two aggregated sentences.

Appellant asserts that the action of the Bureau of Prisons in aggregating the two consecutive sentences is illegal. The point is not well taken. This court has consistently held that consecutive sentences are to be considered a single term and may properly be aggregated for the purpose of computing good time or conduct allowance under 18 U.S.C.A. § 4161. Gregory v. United States, 10 Cir., 297 F. 2d 80; Gibson v. Looney, 10 Cir., 258 F. 2d 879; Godwin v. United States Department of Justice, 10 Cir., 197 F.2d 332; Hurst v. Zarter, 10 Cir., 195 F.2d 526; Wilson v. Hunter, 10 Cir., 180 F.2d 456; Grant v. Hunter, 10 Cir., 166 F.2d 673; Mills v. Aderhold, 10 Cir., 110 F.2d 765.

Appellant also seems to contend that the mathematical computations made by the Bureau of Prisons in determining his aggregate sentence and good time allowance are erroneous and that the term of his sentences has been completed. At first glance, there would

appear to be merit in this contention. The trouble is that the lower court, apparently upon the basis of the penitentiary records which were attached as exhibits to appellee's response, specifically found that as of May 16, 1963, appellant still had 608 days remaining to be served. We are bound by that finding in the absence of a showing that it is clearly erroneous and there is no such showing here.

Affirmed.