Nelson Gene **JOHNSTON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15907.

United States Court of Appeals
Eighth Circuit.

April 24, 1958.

Nelson Gene Johnston, pro se.

Edward L. Scheufler, U. S. Atty., and Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN, JOHNSEN, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

Three counts of an information charged Nelson Gene Johnston with unlawful possession of a narcotic drug on three separate occasions, knowing the same to have been imported into the United States of America, contrary to law, in violation of Title 21 U.S.C. § 174; three counts of the information charged Johnston with unlawful purchase of a narcotic drug, not being in the original stamped package or from the original stamped package, in violation of Title 26 U.S.C. § 4704(a); and three counts of the information charged Johnston with unlawful sale of a narcotic drug in violation of Title 26 U.S.C. § 4705(a). Upon his plea of guilty, which was entered on the 21st day of February, 1957, the court imposed a sentence of five years of im-

prisonment on Count One, and five years of imprisonment on each of the other eight counts, to run concurrently with the sentence imposed under Count One.

On August 28, 1957, Johnston filed an instrument styled "Motion for new trial and vacating of judgment," which the United States District Court treated as a motion under Title 28 U.S.C.A. § 2255. This motion was overruled, and from that order Johnston has perfected his appeal to this Court.

In his motion appellant contended that he had employed counsel, but that through the influence exerted by a narcotic agent, he was persuaded to forgo the services of the lawyer chosen by him, and to employ one recommended by the narcotic agent; that this resulted in incompetent and inadequate legal representation in the original case. Appellant pursues the point in this Court.

From the record of the original proceeding, it appears that on the hearing of the charge, appellant appeared in person and by Mr. Francis Roach, an attorney employed by him. Mr. Roach was asked if he had discussed the matter of waiving indictment with his client, and replied, "I have, and he desires to waive indictment on all nine counts." Mr. Roach, in response to another question, stated that he had gone over the information with appellant; that he had explained the nature of the charges; that his client understood each count of the information and that he, Johnston, would waive formal reading thereof. The record further establishes that Johnston and his attorney signed the document whereby Johnston waived in open court prosecution by indictment and consented that the proceeding could be by information instead of indictment.

The motion, the files and records herein, fairly considered, do not substantiate the charge that a narcotic agent perpetrated a plan or scheme designed to prevent appellant from being represented by a lawyer of his own choosing. In ruling the motion, the court found that appellant appeared in court "with counsel of

his own choosing, who had extensive experience representing clients both in the state and federal courts, * * *."

From the foregoing it is abundantly clear that appellant's constitutional right to " * * * have the Assistance of Counsel for his defence.", Amendment VI, Constitution, was not violated. Story v. United States, 8 Cir., 185 F.2d 952; Burgett v. United States, 8 Cir., 237 F.2d 247, 251, certiorari denied 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed. 2d 599; Maye v. Pescor, 8 Cir., 162 F.2d 641; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002, in which the court in an opinion strongly documented by citations, disposed of a similar question by stating, 148 F.2d loc. cit. 670:

"For these reasons we think absence of effective representation by counsel must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and to correct it. We do not believe that allegations even of serious mistakes on the part of an attorney are ground for habeas corpus standing alone. The cases where the Supreme Court has granted habeas corpus on the ground that there was no fair trial support this interpretation of the absence of effective representation. They are all cases where the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice."

Appellant also urges that because the Government failed to introduce evidence establishing his guilt, the judgment cannot stand. He attempts to elaborate on this assignment by stating there was no "marked" money, a prerequisite (so says appellant) to a conviction for sale; and that the Government "informer" was a known drug addict whose testimony would have been without value in a "court of justice."

Contentions, similar in effect, where the judgment followed a plea of guilty, have been the subject of concern and consideration of the Courts in other cases, and have resulted in the rule being promulgated that where one enters a plea of guilty to the charge there remains no issue to submit to a jury. By such a plea, the accused admits the allegations of the facts charged in the information or indictment, and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered. Hood v. United States, 8 Cir., 152 F.2d 431, 433, 436; Maye v. Pescor, 8 Cir., 162 F.2d 641, 643; Lipscomb v. United States, 8 Cir., 209 F.2d 831, 834, certiorari denied, 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105, rehearing denied 347 U.S. 1022, 74 S.Ct. 875, 98 L.Ed. 1142; Richardson v. United States, 8 Cir., 217 F.2d 696, 698. Here, the record conclusively and convincingly demonstrates that appellant's plea of guilty was voluntary, freely and intelligently entered. As observed, appellant appeared in court with his lawyer; prosecution by indictment was expressly waived, and consent granted to proceeding by information; from an explanation made by his lawyer, appellant was informed and understood the nature of the various charges; the appellant was interrogated as to his plea on each and every count of the information, and in each instance announced that he was "guilty." Following the entry of his plea, there was a colloquy among the Court, the District Attorney, and appellant's lawyer, all in the presence of appellant, bearing upon his past record and his marital and employment status. From what occurred, we are driven to the conclusion that the plea of guilty was entered only after the court became satisfied that Mr. Roach had fully and thoroughly discussed the case with appellant, and that the latter understood not only the character of the various charges against him, but the extent of the punishment that could be imposed. At no time did appellant manifest any feeling that he was being deprived of his rights.

On this appeal appellant has attempted to present other reasons why the judgment should be vacated. He argues that he was not advised of his right to be confronted by witnesses; that he was not informed as to the meaning of a plea of guilty and was not asked whether he voluntarily entered his plea of guilty, and that the court erred in changing the sentence. Since none of these contentions was the basis for the motion to vacate judgment filed in and presented to the trial court, they cannot for that reason alone be considered by us. York v. United States, 8 Cir., 167 F.2d 847; Richardson v. United States, 10 Cir., 199 F.2d 333, 335; Walker v. United States, 7 Cir., 218 F.2d 80, 81; Waley v. United States, 9 Cir., 233 F.2d 804, 805, certiorari denied 352 U.S. 896, 77 S.Ct. 134, 1 L.Ed.2d 88; Flores v. United States, 9 Cir., 238 F.2d 758.

A motion to vacate judgment under Title 28 U.S.C.A. § 2255 must challenge the jurisdiction of the court, or must charge that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L.Ed. 866; Johnson v. United States, 5 Cir., 213 F.2d 492; Bloombaum v. United States, 4 Cir., 211 F.2d 944.

It is clear from the motion filed by appellant and the files and records of the case that the court was vested with jurisdiction; the sentence imposed was within the limits authorized by law; there was no denial of appellant's constitutional rights, and no infirmities appear therefrom which would render the judgment vulnerable to collateral attack under Title 28 U.S.C.A. § 2255; that inasmuch as the motion and the files and records conclusively show that appellant is entitled to no relief, the district court properly denied a hearing on the motion.

The order appealed from is affirmed.