UNITED STATES of America, Plaintiff,

v.

Johnny Arthur NELSON, Allen G. Rader, Nancy Hendricks, Defendants.

UNITED STATES of America, Plaintiff,

v.

Allen RADER (Alias Allen Hunter), Defendant.

UNITED STATES of America, Plaintiff,

v.

Allen RADER, Defendant.

UNITED STATES of America, Plaintiff,

v.

Johnny A. NELSON, Allen Rader and Nancy I. Hendricks, Defendants.

UNITED STATES of America, Plaintiff,

v.

Allen RADER, Defendant.

Crim. A. Nos. 5475, 5481, 5482, 5486, 5490.

United States District Court
W. D. Arkansas,
Ft. Smith Division.
Aug. 7, 1958.

Chas. W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

J. Sam Wood, Ft. Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

The defendant, Allen G. Rader, has today filed a petition to withdraw pleas of guilty and enter pleas of not guilty. The petition was verified before a Notary Public. Before summarizing the petition, a statement of what occurred should be made.

On May 12, 1958, the defendants, Allen G. Rader, Johnny Arthur Nelson, and Nancy I. Hendricks were arrested upon a Commissioner's warrant, charging them in two counts with violating 18 U.S.C. § 500. The defendant Rader and the others with him waived preliminary examination and were held to await the action of the Grand Jury.

Upon the arrest of Rader and the others they employed Honorable J. Sam Wood, a reputable attorney of the bar of this court, and who for 28 years was Circuit Judge of the 12th Circuit of the State of Arkansas.

On June 16, 1958, the three defendants, accompanied by their attorney, appeared before the court, and after being fully advised of the nature of the charges they waived in open court prosecution by indictment and consented that the proceedings against them be made by information instead of indictment. Accordingly the information was filed, and upon arraignment each of the defendants, appearing in person and by their attorney, entered pleas of guilty to Count 1 in the information, and Count 2 was passed for further consideration.

The attorney for the defendants and the defendants themselves stated that there were many charges pending against them in other Districts of the United States, and they were anxious to waive indictment in the various districts so that an information could be filed and the cases all transferred to the Western District of Arkansas, Fort Smith Division, under Rule 20 for arraignment and plea.

In Criminal Action No. 5481, the defendant Rader and his attorney appeared in court on July 7, 1958, and waived the return of an indictment in the Western District of Michigan, Southern Division, and asked that the case be transferred to the Western District of Arkansas. Accordingly, information was filed in Michigan containing four counts, all charging a violation of 18 U.S.C. § 500, and the case was transferred to the Western District of Arkansas under Fed.Rules Crim. Proc. Rule 20, 18 U.S.C.

In Criminal Action No. 5482, the defendant Rader and his attorney appeared on July 7, 1958, and waived the return of an indictment in the District of Kansas, and moved to transfer the case when the information had been filed to the Western District of Arkansas. An information was filed containing two counts charging violation by Rader of 18 U.S.C. § 500, and the case was transferred under Rule 20.

In Criminal Action No. 5486, the defendant Rader on June 16, 1958, appeared with his attorney, and waived the return of an indictment in the Northern District of Oklahoma and asked that the case be transferred here under Rule 20 upon the filing of an information. Accordingly, an information containing six counts all charging violation of 18 U.S.C. § 500

was filed in the Northern District of Oklahoma, and the case was transferred to the Western District of Arkansas.

In Criminal Action No. 5490, the defendant Rader on July 28, 1958, along with his attorney appeared before the court and waived the return of an indictment in the Southern District of Iowa, Eastern Division, and asked that upon the filing of an information in that court, that the charges be transferred to the Western District of Arkansas for arraignment and plea. Accordingly, the case was transferred to the Western District of Arkansas under Rule 20. The information in that case contained two counts, each charging a violation of 18 U.S.C. § 500.

Following the transfer of Criminal Action No. 5481 from the Western District of Michigan, Southern Division; Criminal Action No. 5482 from the District of Kansas; Criminal Action No. 5486 from the Northern District of Oklahoma; and Criminal Action No. 5490 from the Southern District of Iowa, Eastern Division, the defendant Rader on August 1, 1958, was again brought before the court, and upon arraignment in the four cases that were transferred and in the presence of his attorney entered pleas of guilty to all counts in the informations filed in the transferred cases.

Also, on that date the defendant Rader entered a plea of guilty to Count 2 of the information in Criminal Action No. 5475, in which the plea to Count 2 had been deferred on June 16, when he had entered a plea of guilty to Count 1.

After hearing statements in mitigation of punishment by the defendant Rader and his attorney, the court proceeded to sentence the defendant Rader to five years upon Counts 1 and 2 in Criminal Action No. 5475, and provided that the sentence on Count 2 should run consecutively with the sentence on Count 1.

In the cases that had been transferred the court sentenced the defendant Rader to five years on each count, but provided that the sentence on each of the counts in the transferred cases should run concurrently with the sentence in Criminal Action No. 5475. In other words, the defendant Rader received a total sentence of ten years on the 16 counts to which, on the dates above mentioned, he had entered pleas of guilty.

In his petition to withdraw the pleas of guilty the defendant Rader alleges that he is desperately in love with Nancy I. Hendricks, who is pregnant, and that he is the father of her unborn child; that if he had told the whole truth about the various money orders, other persons would have been involved and that his life either in or out of prison would be in jeopardy; that because of his great love for Nancy I. Hendricks and of his fear for his life he took "certain medicine which rendered him totally incompetent and caused him to pass out on numerous occasions; that his cell mates, if given the opportunity, will verify this fact under oath." The petitioner further alleges that he has accepted Christianity, having been converted while in jail, and that he now realizes that because of his conversion that it is his duty to tell the whole truth, which will exonerate him completely and that he is not guilty of any of the charges to which he had entered pleas of guilty.

The petition is attested to by ten inmates of the Sebastian County Jail.

The petitioner also asks that he be brought before the court for a hearing on the petition, but since the court is entirely familiar with all of the proceedings in these various cases and patiently postponed disposition of the cases until the cases pending in other districts were transferred to this District, and being convinced of the guilt of the defendant and that he understandingly entered each and every plea of guilty, no useful purpose would be served in bringing defendant before the court for a hearing on the petition.

At no time during the various proceedings, extending from June 16, 1958, to August 1, 1958, did the defendant

Rader or his attorney suggest in any manner that the defendant Rader was incompetent. Neither did the United States Attorney or anyone else intimate that there was any reasonable cause to believe that the defendant Rader was not competent. The court saw no indication of incompetency, and the court is convinced that this petition was filed solely in the hope of delaying the defendant's transportation to prison.

The record of the proceedings discloses a meticulous compliance by the court of Rule 11 of the Federal Rules of Criminal Procedure before any plea was accepted. In each instance the defendant Rader asserted that the plea of guilty was being entered voluntarily and with a complete understanding of the nature of the charge. In all instances the plea was approved by his attorney. The defendant Rader was fully advised by his attorney and by the court of the requirements of Rule 20 before any of the cases were transferred from the other districts. No suggestion or intimation was made before the imposition of sentence of any desire on the part of the defendant to withdraw his various pleas of guilty. See Woodring v. United States, 8 Cir., 248 F.2d 166, 168.

It should be added that the defendant Rader was ably represented by an able and competent attorney, and that the petition now before the court is the product of defendant's mind induced by his dissatisfaction with the length of the sentence, and he is seeking additional sympathy and consideration by the plea that he desires to be given an opportunity to marry Nancy I. Hendricks in order to legitimatize her unborn child. The facts as disclosed to the court from time to time in the various appearances that the defendant Rader made before the court revealed that he and the other defendants, including Nancy I. Hendricks, deliberately made a tour of the central United States with a great many stolen U. S. Postal money order blanks, and forged and uttered said money orders in various sections as shown by the cases that were transferred here.

There is no merit in the defendant Rader's motion, and nothing could be gained and no additional information supplied by such a hearing, and therefore an order denying the motion should be entered.