**UNITED STATES of America,**
**Plaintiff,**

v.

**Allen G. RADER, Defendant.**
**Crim. A. No. 5475.**

United States District Court
W. D. Arkansas,
Fort Smith Division.
July 6, 1960.

Allen G. Rader, defendant, pro se.

JOHN E. MILLER, Chief Judge.

This is the third in a series of attempts by the defendant, Allen G. Rader, to have this court modify the sentences imposed on his plea of guilty to the charges contained in five separate informations. Rader, along with two others, was charged in this district with forging postal money orders and then uttering them. In addition, several other cases pending against these defendants in other districts were transferred here under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. Pleas of guilty were entered to all charges, and Rader was sentenced to 5 years on count one and 5 years on count two in Criminal Case No. 5475, the sentences to run consecutively. Sentences in the cases transferred here under Rule 20 were made to run concurrently with the sentences in case No. 5475. See United States v. Nelson, D.C.1958, 172 F.Supp. 83, and D.C.1959, 172 F.Supp. 86 for a detailed account of the proceedings.

A short time after the sentences were imposed Rader attempted to withdraw his plea of guilty and enter a plea of not guilty to the charges. This motion was overruled. See United States v. Nelson, 172 F.Supp. 83.

Several months later Rader filed a motion to vacate the sentences alleging that the sentences imposed were illegal because the offenses charged were merely a continuation of the offenses charged in other counts. This motion to vacate was likewise denied. See United States v. Nelson, 172 F.Supp. 86.

Rader has now filed a motion to vacate an illegal sentence under Rule 35, Fed.R. Crim.P. In this motion he attacks only his conviction and sentence in count two of Criminal Case No. 5475. This was a two-count information growing out of defendants' activities in this district. Count one was the forgery count and count two was the passing and uttering count. As heretofore mentioned, Rader was sentenced to 5 years on each of the two counts, the sentences to run consecutively. Rader now contends that count two of case 5475 was erroneous, fatally defective, and void. His contentions can best be summarized by quoting from his petition. At pages 3 and 4 he states:

"It is Petitioners contention that Count two of case 5475 is erronious and fatally defective for as can be seen by the Court record. Count two never occured. The United States Postal Money Order No. 4–22,271,605 *was not passed* as stated by the first words DID PASS, utter and publish said money order. It was never signed on the payee line making it a legal offer for money nor was any money received for said money order therefore Count two, is erronious and the judgement void for lack of jurisdiction to sentence Petitioner for a crime not committed. It is Petitioners contention that the Court was in error where after count two, of case 5475 was objected to numerous times as can be seen by minutes of trial no action was taken by the Court to correct the faulty Bill of Information. Petitioner being unlearned in law and under a great mental strain due to the aforementioned circumstances could only depend on the integrity of his paid councel and the Court. On August 1, 1958, the Court ask for a plea again to count two of case 5475, Petitioner had been advised by his councel that since there was cases transferred under rule 20, and Miss Hendricks case was yet to be heard to enter a guilty plea to all charges and do nothing to *incon-*

*vienace* the Court. Therefore on August 1, 1958 Petitioner entered a guilty plea to Count two of case 5475. The Court thus proceeded to sentence petitioner to five years on count one of case 5475 and five years *consective* to count one on count two. Cases 5481, 5482, 5483, 5486 were cases transferred under Rule 20 and in each case the sentence given were to run concurrently with count's one and two of case 5475. It may be noted by the record that none of the sentences in cases 5481, 5482, 5483 and 5486 are to run consecutive nor is any counts continued in any of these cases to run consecutive to each other, all are to run concurrent with count one and two of case 5475. Therefore, if count two of case 5475 be erronious and void. The maximum sentence can be but five years imprisonment."

In support of his contention the defendant relies on the following remarks made in open court on June 16, 1958, between the court, Mr. Robert Johnson, Assistant U. S. Attorney, and Mr. J. Sam Wood, attorney for Mr. Rader:

"The Court: Count Two is, that you, with intent to defraud passed that forged money order, as above described, with the intention of defrauding United States. Now do you understand that charge?

"Mr. Wood: Mr. Rader tells me that he never passed it. Of course, I think he might be mistaken as to the facts concerning that.

"The Court: It is not alleged here to whom it was offered for payment. Who was the person to whom it was offered for payment?

"Mr. Johnson: I believe it was a teller at one of the banks here, Your Honor. I don't remember exactly which one. It was offered for payment and was refused.

"The Court: Do you desire to amend that Count Two? It may be covered by the statute. First, let us take up Count One, the count charg-

ing the forgery. Now, you understand that do you, all of you?

\* \* \* \* \* \*

"The Court: The court is going to accept your pleas of guilty to Count One, and I believe, if there is any question about Count Two, I will pass that for the time being.

"Mr. Johnson: All right, sir.

"The Court: I want to examine the statute. If they presented it for payment and it wasn't paid, I want to look at that statute.

"One of the Defendants: We didn't get the money for it.

"Mr. Johnson: They did not get the money for it. There is no question about that."

On August 1, 1958, defendant Rader entered a plea of guilty to Count 2, of Case 5475. The transcript reflects this event with the following statements:

"The Court: \* \* \* Now, the second count in the indictment, where there was no plea in it, was "That on or about May 10, 1958, at Fort Smith, in the Western District of Arkansas, Johnny Arthur Nelson, Allen G. Rader and Nancy Hendricks, with intent to defraud, did pass, utter and publish as true the forged money order set out in Count One hereof, knowing the same to have been forged.

"In other words, Count 1 charges them with forging that particular money order, the last three numbers of the serial number being 605.

"Count 2 charges them with passing it with intent to defraud. That is the charge. I wanted to get it cleared up before we went any farther. I don't know anything about it. You men know the charge. I might ask you now—And you know the effect of a plea of guilty to count two. Then what is your plea, Mr. Rader, to that charge of passing that particular money order?

"Mr. Rader: Guilty.

"The Court: What is your plea, Mr. Nelson?

"Mr. Nelson: Guilty.

"The Court: What is your plea, Mr. Rader, to passing that particular money order?

"Mr. Rader: Guilty.

"The Court: What is your plea, Mr. Nelson?

"Mr. Nelson: Guilty.

"The Court: Are you pleading guilty to Count 2 because you are in truth and in fact guilty?

"Both Defendants: Yes, sir.

"The Court: Has anybody made you any promises of any kind or character to obtain or to persuade you to plead guilty?

"Both Defendants: No, sir.

"The Court: Has anybody held out any promises of any kind?

"Both Defendants: No, sir.

"The Court: Are you pleading guilty because you are in truth and in fact guilty?

"Both Defendants: Yes, sir.

"The Court: Where was that money order in that Count 2 passed, do you recall?

"Judge Wood: Merchants Bank.

"Mr. Johnson: It was never completely passed. They wouldn't take it.

"The Court: They uttered it— they went in there with it?

"Mr. Johnson: Yes, sir.

"The Court: The court will accept their plea of guilty and find them guilty as charged."

In count two of the information in question here it is charged:

"That on or about May 10, 1958, at Fort Smith, in the Western District of Arkansas, Johnny Arthur Nelson, Allen G. Rader and Nancy Hendricks, with intent to defraud, did pass, utter and publish as true the forged money order set out in

Count One hereof, knowing the same to have been forged."

The Court of Appeals for the Eighth Circuit has examined and discussed the effect of a plea of guilty in two recent cases. In Johnston v. United States, 1958, 254 F.2d 239, at pages 240–241, the court said:

"Appellant also urges that because the Government failed to introduce evidence establishing his guilt, the judgment cannot stand. He attempts to elaborate on this assignment by stating there was no 'marked' money, a prerequisite (so says appellant) to a conviction for sale; and that the Government 'informer' was a known drug addict whose testimony would have been without value in a 'court of justice.'

"Contentions, similar in effect, where the judgment followed a plea of guilty, have been the subject of concern and consideration of the Courts in other cases, and have resulted in the rule being promulgated that where one enters a plea of guilty to the charge there remains no issue to submit to a jury. By such a plea, the accused admits the allegations of the facts charged in the information or indictment, and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered."

In Hall v. United States, 8 Cir., 1958, 259 F.2d 430, at pages 431–432, the Court said:

"It is settled by decisions of this Court that 'A plea of guilty is not a mere admission of guilt. It is in and of itself a conviction and as conclusive as the verdict of a jury'. Woodring v. United States, 8 Cir., 248 F.2d 166, 169, citing: Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 200 F.2d 690, 696. In Edwards v. United States, D.C.Cir., 256 F.2d 707, 709, the Court said:

" 'It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law. * * *' "

In the instant case Rader seeks relief under Rule 35, Fed.R.Crim.P. This rule provides that the court may correct an illegal sentence at any time. It has been held that the illegality referred to in Rule 35 is apparently one disclosed by the record, such as a sentence in excess of the statutory provision, or in some other way contrary to the applicable statute. Barron, Fed. Practice and Procedure, Rules Edition (1951), Vol. 4, Sec. 2301. A motion to correct an illegal sentence under Rule 35 should not be confused with the procedure authorized in 28 U.S.C.A. § 2255, which provides for relief in the nature of the ancient writ of error coram nobis. The distinction between these two avenues of relief is discussed in Duggins v. United States, 6 Cir., 240 F.2d 479. There Judge Shackleford Miller, Jr., states at pages 483–484:

"It is necessary to keep in mind the difference between proceedings under Rule 35, Rules of Criminal Procedure, and Sec. 2255, Title 28, U.S.Code, Rule 35 provides 'The court may correct an illegal sentence at any time.' This rule became effective March 21, 1946, more than two years prior to the enactment of Sec. 2255, Title 28, U.S.Code on

June 25, 1948. It was a codification of existing law and was intended to remove any doubt, created by the ruling in United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129, about the jurisdiction of the District Court to correct an illegal sentence after the expiration of the term at which it was entered. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124. Prior to the adoption of the Rules of Criminal Procedure certain problems were involved in the ending of a term of court and the start of another. It was the purpose of Rules 45(c), 33, 34, 35 and 36 to meet these problems. It was not their purpose to meet the problems involved in habeas corpus proceedings or a collateral attack upon a judgment. Rule 35 presupposes a conviction and affords a procedure for bringing an improper sentence under it into conformity with the law. Cook v. United States, supra, 1 Cir., 171 F.2d 567, 570; United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248. Sec. 2255, Title 28, U.S.Code, on the other hand, covers the broader field of a collateral attack upon the validity of a judgment of conviction by reason of matters dehors the record. United States v. Hayman, supra, 342 U.S. 205, 211–212, 72 S.Ct. 263."

The purpose of Rule 35 is also discussed in Cook v. United States, 1 Cir., 171 F.2d 567. There Chief Judge Magruder said at pages 570–571:

"A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law. The short time limit upon motions in arrest of judgment, as provided in Rule 34, cannot be circumvented by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely a motion to 'correct an illegal sentence' under Rule 35. The object of such a motion would be not to 'correct' a sentence but to be relieved of it altogether."

■ There is no question but what the sentence of 5 years imposed upon the defendant is authorized by statute. See, Title 18 U.S.C.A. § 500. Indeed, Rader does not contend otherwise. What Rader seeks here is not a correction of his sentence but rather a voidance. Therefore, the relief sought by him cannot be accomplished under Rule 35, Fed.R.Crim. P.

■ Strictly speaking, this court cannot consider defendant's motion as a request for relief under 28 U.S.C.A. § 2255, because he only attacks his conviction as to the second count of the information, and apparently he has not yet started serving his sentence under that count. See Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. However, in view of the circumstances, the court feels that it should at this time consider the defendant's motion for relief under 28 U.S.C.A. § 2255.

■ A motion to vacate judgment under this statute must challenge the jurisdiction of the court, or must charge that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Johnston v. United States, supra.

Here Rader was charged with a crime committed within the Western District of Arkansas. He was brought before this court and was represented by an attorney of his own choosing, who is a respected, experienced and able member of the bar of this court. He waived the return of an indictment and consented to be prosecuted by information. The information was then filed and a copy was furnished the defendant. He immediately entered a plea of guilty to the first

count, and some six weeks later, after numerous other cases were transferred here under Rule 20, entered a plea of guilty to the second count. Rader now claims that his conviction on the second count is void because he did not "pass" the money order. That is, that he didn't receive any money for it and the payee's line had not been endorsed on the reverse side. Rader raised this same argument on June 18, 1958, when he was originally before the court. He subsequently had six weeks in which to discuss a defense based on this type argument with his attorney. However, when he was arraigned upon this count on August 1, 1958, he entered a plea of guilty to having "passed, uttered and published as true" the money order in question. This plea of guilty has the same force and effect as a conviction by a jury.

In this regard it should be noted, however, that it is not necessary in establishing a "passing," as that term is used in relation to forgery, to allege or prove that money, or anything of value, was actually received in exchange for the forged instrument. In other words, it is not necessary that the offeree actually accept the instrument. Merely offering or giving it with intent to defraud is sufficient to constitute a passing. See Paul v. United States, 3 Cir., 1935, 79 F.2d 561; United States v. Mitchell, 26 Fed.Cas.No. 15,787, p. 1276; 2 Wharton, Criminal Law, Sec. 915.

It is therefore clear from the motion filed by the defendant and the files and records of the case that the court was vested with jurisdiction; that the sentence imposed was within the limits authorized by law; there was no denial of defendant's constitutional rights; and no other infirmities appear which would render the judgment vulnerable to collateral attack under 28 U.S.C.A. § 2255.

Therefore the defendant's motion to vacate the sentence is denied under both Rule 35, Fed.R.Crim.P., and 28 U.S.C.A., § 2255.

An order in accordance with the above is being entered today.