**Allen G. RADER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16567.**

United States Court of Appeals Eighth Circuit.

March 27, 1961.

Allen G. Rader, pro se.

Charles W. Atkinson, U. S. Atty., Fort Smith, Ark., for appellee.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

Allen G. Rader prosecutes this appeal from the judgment entered by Chief Judge Miller which denied Rader's motion to vacate a sentence of five years imprisonment entered against him upon his plea of guilty to the second count of an information filed in the Western District of Arkansas. He was charged in the count with violating 18 U.S.C. § 500 in that with intent to defraud he did pass, utter and publish as true the forged money order set out in Count One of the information knowing the same to have been forged. The motion denied was the third in a series of attempts by the appellant to have the court modify the sentences imposed on his plea of guilty to the charges contained in five separate informations. The complete history of the proceedings appear in the three carefully prepared opinions of the same judge published at United States v. Nelson, D.C., 172 F.Supp 83; D.C., 172 F.Supp. 86 and United States v. Rader, D.C., 185 F.Supp. 224. The point presented on this appeal is in substance that appellant was not in fact guilty of passing, uttering or publishing as true the forged money order in question. Admitting that it was forged as he well knew and his intent to defraud, he argues that he did not pass, utter or publish it as true because when he took it in and presented it to the bank, he did not obtain the money on it nor did he endorse it.

■ Judge Miller observed as to that contention:

"Rader raised this same argument on June 18, 1958, when he was originally before the court. He subsequently had six weeks in which to discuss a defense based on this type argument with his attorney. However, when he was arraigned upon this count on August 1, 1958, he entered a plea of guilty to having 'passed, uttered and published as true' the money order in question. This plea of guilty has the same force and effect as a conviction by a jury." 185 F.Supp. 224, 230.

■ Judge Miller also observed:

"In this regard it should be noted, however, that it is not necessary in establishing a 'passing,' as that term is used in relation to forgery, to allege or prove that money,' or anything of value, was actually received in exchange for the forged instrument. In other words, it is not necessary that the offeree actually accept the instrument. Merely offering or giving it with intent to defraud is sufficient to constitute a passing. See Paul v. United States, 3 Cir., 1935, 79 F.2d 561; United States v. Mitchell, 26 Fed.Cas.No. 15,787, p. 1276; 2 Wharton, Criminal Law, Sec. 915."

The appellant sought relief before Chief Judge Miller under Rule 35, Federal Rules Criminal Procedure, 18 U.S. C.A., "to correct an illegal sentence", but as the judge pointed out the object of the motion presented was not to correct but to avoid the sentence which can not be done under Rule 35. It may be done in a proper case under 28 U.S.C.A. § 2255. The files and records of this case disclose clearly that at the time the sentence was imposed, the court was vested with jurisdiction; the sentence was within the limits authorized by law; there was no denial of defendant's constitutional rights and no other infirmities that would render the judgment vulnerable to attack.

We are in accord with the opinion of Chief Judge Miller and deem the appeal to be without merit. The judgment appealed from is in all respects free from error and it is affirmed.