UNITED STATES of America,
Plaintiff,

v.

Allen G. RADER, Defendant.

Crim. Nos. 5475, 5481, 5482, 5486, 5490.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Sept. 7, 1961.

Allen G. Rader, pro se.

JOHN E. MILLER, Chief Judge.

This is the fourth in a series of attempts by the defendant, Allen G. Rader, to have the court modify or set aside the sentences imposed upon his pleas of guilty to the charges contained in five separate informations bearing the numbers hereinabove set forth. United States v. Nelson et al., D.C.W.D.Ark. 1958, 172 F.Supp. 83; United States v. Nelson, et al., D.C.W.D.Ark.1959, 172 F.Supp. 86; United States v. Rader, D.C. W.D.Ark.1960, 185 F.Supp. 224, affirmed, Rader v. United States, 8 Cir., 1961, 288 F.2d 452.

The defendant, Allen G. Rader, with two others was arrested on May 12, 1958, in the Western District of Arkansas upon a Commissioner's warrant charging them in two counts with violating 18 U.S.C. § 500. All of the defendants were represented by Honorable J. Sam Wood, a reputable attorney of the bar of this court and who for 28 years was Circuit Judge of the Twelfth Circuit of the State of Arkansas. On June 16, 1958, the three defendants, with their attorney, appeared before the court, and, after being fully advised of the nature of the charges, waived in open court prosecution by indictment and consented that the charges be prosecuted upon information instead of indictment. On that day the three defendants entered pleas of guilty to Count 1 in the information and Count 2 was continued for further consideration. Immediately following the pleas of guilty, the attorney for the defendants and the defendants themselves stated that there were many charges pending against them in other districts in the United States, and that they were ,

anxious to waive the return of indictment in the various districts so that an information could be filed and the cases transferred to the Western District of Arkansas, Fort Smith Division, under Rule 20, Fed.R.Crim.P. 18 U.S.C. In accordance with the request of the defendants, Criminal Action No. 5481 was transferred from the Western District of Michigan, Southern Division; No. 5482 was transferred from the District of Kansas; No. 5486 was transferred from the Northern District of Oklahoma; No. 5490 was transferred from the Southern District of Iowa, Eastern Division. Following the transfer of the cases, the defendant Rader was again before the court on August 1 and, upon arraignment in the four cases that had been transferred upon his motion, entered pleas of guilty to all counts in the informations filed in the transferred cases.

Also on that date the defendant Rader entered a plea of guilty to Count 2 of the information in No. 5475 which had been continued on June 16 for further consideration.

The defendants were sentenced in the various cases on August 1, 1958. The defendant Rader was sentenced on four counts in No. 5481, two counts in No. 5482, six counts in No. 5486, two counts in No. 5490, and counts 1 and 2 in the instant case, No. 5475.

On August 7, 1958, six days after the defendant had been sentenced, he filed a petition to withdraw pleas of guilty in all of the cases and enter pleas of not guilty. The court denied his petition and filed an opinion in which the court reviewed the various proceedings resulting in the imposition of the sentences. United States v. Nelson, D.C.W.D.Ark. 1958, 172 F.Supp. 83.

The next proceeding filed by Rader, April 10, 1959, was a motion to vacate the sentences upon the allegation that the sentences imposed on certain counts in the various informations were illegal because the offenses charged were merely continuations of the offenses charged in other counts. That motion was disposed of in United States v. Nelson, D.C.W.D. Ark.1959, 172 F.Supp. 86.

The third proceeding instituted by the defendant Rader was a motion or petition filed under Rule 35, Fed.R.Crim.P., and 28 U.S.C. § 2255, to vacate the sentence imposed on Count 2 in the instant case, No. 5475.

In the petition filed at that time he alleged, inter alia:

"The Court thus proceeded to sentence petitioner to five years on count one of case 5475 and five years *consective* to count one on count two. Cases 5481, 5482, 5483, 5486 were cases transferred under Rule 20 and in each case the sentence given were to run concurrently with count's one and two of case 5475. It may be noted by the record that none of the sentences in cases 5481, 5482, 5483 and 5486 are to run consecutive nor is any counts continued [sic] in any of these cases to run consecutive to each other, all are to run concurrent with count one and two of case 5475. Therefore, if count two of case 5475 be *erronious* and void. The maximum sentence can be but five years imprisonment." See page 226 of 185 F.Supp.

In the instant motion or petition styled by the defendant as "Compendum," the defendant contends that the commitment under which he is being held in prison does not conform to the sentence pronounced by the court.

The judgment, omitting the formal parts, entered in No. 5475 is as follows:

"On this 1st day of August, 1958, came the attorney for the government and the defendant appeared in person and by Mr. J. Sam Wood, his attorney, and,

"It Is Adjudged that the defendant has been convicted upon his plea of guilty of the offenses of Count One: on or about May 10, 1958, at or near Fort Smith, Arkansas, with intent to defraud, he did falsely make, forge and counterfeit U. S. Postal Money Order Number 4–

22,271,605; and Count Two: on or about said date and place, with intent to defraud, did pass, utter and publish said money order as true knowing same to have been forged, as charged in the two counts of the information, and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court, and defendant being given an opportunity to make a statement in mitigation of punishment

"It Is Adjudged that the defendant is guilty as charged and convicted.

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) Years on count one of the information; and Five (5) Years on count two of the information to begin at the expiration of the term of imprisonment adjudged herein on count one; making a total of ten years on the two counts.

"It Is Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

"/s/ Jno. E. Miller

"United States District Judge"

■ The defendant argues that at the time the sentence was imposed that the court did not mention that the sentence on Count 2 would run consecutively to the sentence on Count 1.

The defendant has been furnished with a complete transcript of what occurred in the court at all times he was before the court and entered his various pleas of guilty and sentence was imposed. The transcript of the proceedings, certified to by the Court Reporter, beginning on page 30, states:

"Now, in Criminal Action 5475, the Western District of Arkansas, containing two counts, one for forgery of the money order and the second one for attempting to pass it, in which both defendants are charged and to which both of them have entered a plea of guilty, it is the judgment and sentence of the court that Mr. Johnny Arthur Nelson and Mr. Allen G. Rader each be delivered to the Attorney General of the United States, or his agent, who will confine them in some institution of his own choice for a period of five years on Count 1. On Count two, it is the judgment and sentence of the court that they and each of them be remanded to the custody of the Attorney General, who will confine them in some institution of his own choice for a period of five years.

"The Court: Mr. Riddle (Deputy Clerk), in drawing those commitments, I think, probably they ought to be drawn on separate commitments. Five years on each count, one and two.

"The Clerk: Consecutive?

"The Court: They are to run consecutively."

Following the pronouncement of the sentence in the instant case, No. 5475, the court proceeded to impose sentences in the other cases that had been transferred, but apparently the defendant is not attacking in this proceeding any of the sentences that were imposed in the transferred cases.

Beginning at the bottom of page 32 of the transcript and at the conclusion of the imposition of the sentences in all of the cases, the court advised the defendants Nelson and Rader that the sentences in the transferred cases were to run concurrently with the sentences in 5475, and said:

"In other words, young men, you have been sentenced on each and

every count which is charged for a period of five years. You will be required to serve under the order of the court a sentence of five years on Count 1 and a sentence of five years on Count Two in Criminal Action 5475, the Fort Smith Division. Other sentences in the other cases will run concurrently with those. I hope you will so conduct yourselves that you can earn enough good time to get out of there within a reasonable time and that you will be able to rehabilitate yourselves."

The defendant understood fully and completely at that time that the court intended for him and his co-defendant, Nelson to serve ten years, five on Count 1 and five on Count 2, and that the sentence on Count 2 would run consecutively to the sentence on Count 1.

See, also, correspondence of defendant appearing in footnote 1, 172 F.Supp. at pages 89 and 90.

Notwithstanding the recitals contained in the record, the defendant contends that the court did not order that the sentence on Count 2 in 5475 should run consecutively with Count 1 in the same case and, therefore, the commitment is void because it does not conform to the judgment of the court.

In Vol. 12, Cyclopedia of Federal Procedure, 3rd Ed., Sec. 50.76, p. 316, the rule is stated as follows:

"The intention of the court imposing the sentences is controlling as to whether sentences are to run consecutively or concurrently, whether the sentences are under different indictments or informations or different counts of the same indictment or information. The intention of the court in this regard is to be ascertained from the judgment, the court records in the case, and the situation presented. In determining whether several sentences are to run consecutively or concurrently, they should be reasonably construed in accordance with the intent of the trial court, if the language used makes the intent clear. But substantial uncertainty or obscurity in that respect should be resolved in favor of the defendant and the sentences construed as running concurrently."

In the proceedings prior to the instant one, the defendant had alleged and had contended that the sentence in Count 2 runs consecutively to the sentence in Count 1, but for some reason unknown to the court he now makes a contrary contention notwithstanding his former contentions and notwithstanding he knows what the record reflects and knows that it is correct.

In Ziebart v. Hunter, Warden, 10 Cir., 1949, 177 F.2d 847, at page 848 the court said:

"It is the contention of appellant that the several sentences were so indefinite and uncertain that they must be construed as running concurrently; that treating them in that manner, appellant has served more than the time required; and that therefore he is entitled to immediate discharge from further confinement. If the several sentences be construed as running concurrently, they total five years and appellant has completed service of them. On the other hand, if they be construed as running consecutively, they total seventeen years and their service has not been completed. Where sentences are imposed on pleas of guilty or verdicts of guilty on several indictments, or on several counts in a single indictment, in the absence of some definite and specific provision that they shall run consecutively, each sentence begins to run at once and they all run concurrently. Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Levine v. Hudspeth, 10 Cir., 127 F.2d 982, certiorari denied, 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507. But the trial court has authority in the exercise of its discretion to provide that its sentences shall run consecutively. United States v. Daugherty, 269 U.S. 360, 46 S.Ct.

156, 70 L.Ed. 309; Zerbst v. Walker, 10 Cir., 67 F.2d 667; Hode v. Sanford, 5 Cir., 101 F.2d 290.

"Sentences in criminal cases should be reasonably definite, certain, and consistent in their several provisions. They should disclose on their face with fair certainty the intent of the trial court, but the elimination of every conceivable doubt is not requisite to their validity or enforcement. United States v. Daugherty, supra; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Subas v. Hudspeth, supra; Smith v. United States, 10 Cir., 177 F.2d 434.

"In determining whether several sentences are to run consecutively or concurrently, they should be reasonably construed in accordance with the intent of the trial court, if the language used makes the intent clear. But substantial uncertainty or obscurity in that respect should be resolved in favor of the defendant and the sentences construed as running concurrently. Subas v. Hudspeth, supra; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452."

See, also, Gibson v. Looney, Warden, 10 Cir., 1958, 258 F.2d 879; Ong v. Hunter, Warden, 10 Cir., 1952, 196 F.2d 256; Bius v. United States, 10 Cir., 1961, 286 F.2d 652.

■ The defendant also contends that the sentence should be set aside because he was denied the right of appeal in all of the cases, including 5475. He bases that contention upon the fact that on August 11, 1958, the defendant Rader and his co-defendant Nelson filed in the Clerk's office an election not to commence their sentences. The document filed by the defendant and his co-defendant Nelson, after setting out the style and docket number of the five cases in which they had pleaded guilty and in which their motion to withdraw their pleas of guilty and enter a plea of not guilty had been denied, 172 F.Supp. 83, recites:

"Come the defendants, Johnny Arthur Nelson and Allen G. Rader, and state that they are perfecting an appeal to the United States Court of Appeals, and that they elect not to commence serving sentence."

The election not to commence the service of the sentences was filed by the defendant and his co-defendant Nelson for no reason other than to prevent their transportation to the institution that had been designated by the Attorney General. The United States Marshal had advised them of the regulation [1] and that they would be transported unless such an election was made.

Upon the filing of that election not to commence serving the sentence, the court took no action until the United States Attorney filed a motion on August 18, 1958, in which he alleged:

"On August 1, 1958, the defendants Johnny Arthur Nelson and Allen G. Rader appeared in open court with their Attorney, Honorable J. Sam Wood, for sentencing, and after hearing their statements and the statements of their attorney in mitigation of punishment and otherwise, the Court pronounced sentence upon said defendants, and on the 7th day of August the defendant, Allen G. Rader, filed his petition to with-

---

[1]. A portion of the regulation reads as follows:

"Prompt Transportation—Sentenced prisoners should be transferred promptly by the most economical facilities to Federal or other institution in which the sentence is to be served. Ordinarily, prisoners should be committed to an institution for service of their sentences promptly at the end of 10 days allowed for filing of appeals and, at least, within 15 days from the date sentences were imposed. A person who has appealed should also be transported within these time limits *unless he has elected in writing not to enter upon service of his sentence* (See Sec. 714 re. election form). If unusual circumstances prevent the removal of prisoners from jail to institutions where sentences are to be served, the United States marshal should advise the Bureau of Prisons and indicate the reasons for holding the prisoners in a jail beyond 15 days after the imposition of sentence."

draw his plea of guilty and enter a plea of not guilty, and on the same day the Court rendered an opinion finding said petition without merit and entered an Order denying the same; that on the 11th day of August, 1958, both defendants filed their written election not to commence serving sentence in which they stated they were perfecting an appeal to the United States Court of Appeals; that both defendants failed to file the necessary Notice of Appeal within the time prescribed by law and have otherwise failed to perfect their said appeal and, therefore, their election not to commence service of sentence is without foundation and they should be transported by the Marshal of this District to the institution designated by the Attorney General for serving of the sentence imposed upon them by this Court.

"This Motion specifically relates not only to case bearing Criminal Number 5475, but also to cases bearing Criminal Numbers 5481, 5482, 5483, 5486, and 5490, and the relief prayed for herein should be made applicable to each of the cases enumerated and in which sentence was pronounced on said defendants on August 1, 1958.

"Wherefore movant prays that this Court enter an order directing the Marshal of this District to transport the defendants Johnny Arthur Nelson and Allen G. Rader to the penitentiary or other institution designated forthwith."

The motion was called to the court's attention, and upon investigation the court was convinced of the truth of the allegations of the motion, whereupon the court entered the following order:

"On this August 19, 1958, comes on for consideration motion of the United States of America for an order directing the United States Marshal forthwith to transport the defendants, Johnny Arthur Nelson and Allen G. Rader, to the penitentiary or other institution designated, under the judgments and sentences of this court of August 1, 1958, and it appearing to the court that more than ten days have elapsed since the said judgments and sentences, and since the entry of the order overruling the motion of the defendant Allen G. Rader, to withdraw his pleas of guilty and to enter pleas of not guilty herein; that the time for taking an appeal has expired and no steps for perfecting an appeal have been taken by either defendant, and that their election not to commence service of sentences is now of no effect;

"It Is Therefore Ordered and Adjudged that the said motion of the United States of America be and is granted, and that the United States Marshal for this district forthwith transport the said defendants, Johnny Arthur Nelson and Allen G. Rader, to the penitentiary or other designated institution, under judgements and sentences of this court entered herein on August 1, 1958."

Rule 37, Fed.R.Crim.P., provides:

"(a) Taking Appeal to a Court of Appeals.

"(1) Notice of Appeal. An appeal permitted by law from a district court to a court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. * * *

"(2) Time for Taking Appeal. An appeal by a defendant may be taken within ten days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. * * *"

The record discloses that this defendant and his co-defendants were at all times represented by an attorney of their own selection. His office is within two

blocks of the jail in which the defendants were confined when they filed their election not to commence serving their sentence, and the court assumed that, if the defendant and his attorney desired to appeal, they had or would give notice as provided by the rule, but no notice of appeal was filed.

In Wagner v. United States, 4 Cir., 1955, 220 F.2d 513, the court, in a per curiam opinion, said:

"This is an appeal in a criminal case in which appellant failed to file with the Clerk of the District Court written notice of appeal within ten days, as required by Rule 37 of the Rules of Criminal Procedure, 18 U.S. C.A. As strict compliance with this requirement of the rule is jurisdictional, we have no option but to dismiss the appeal. Appellant is not hurt by the dismissal, however, as we have examined the record on appeal and find that the points on which he relies are without merit.

"Appeal dismissed."

In United States v. Peabody, D.C.W.D. Wash.1958, 173 F.Supp. 413, at page 415, the court said:

"If the fact that written notice of appeal was not filed was the result of Peabody's directions or understanding with his counsel, then clearly he has no standing now, almost two years later, to contend that he was deprived of his right to appeal. On the other hand, if the failure to file appeal notice was due to neglect of Peabody's counsel, Peabody still is not entitled to the relief sought. 'Failure to appeal may not be excused upon a mere showing of neglect of counsel.' Dennis v. United States, 4 Cir., 1949, 177 F.2d 195; Mitchell v. United States, 1958, 103 U.S.App.D.C. 97, 254 F.2d 954 (Justice Reed joining); United States v. Edwards, D.C.D.C.1957, 152 F.Supp. 179."

■ In Vol. 12, Cyclopedia of Federal Procedure, 3rd Ed., Sec. 51.122, p. 515, the effect of failing to file a notice of appeal within the time permitted by the rule is stated as follows:

"The filing of a notice of appeal within the time permitted by Rule 37(a) (2) has been pronounced mandatory and jurisdictional. Accordingly, an appeal that is too late under the Rule must be dismissed. A motion for reargument cannot successfully be used to extend the time for an appeal."

The contention of the defendant that the court denied him the right of appeal from the sentences imposed upon the numerous pleas of guilty is, of course, an afterthought.

In his petition or motion which he has styled "Compendum", the defendant under the word "jurisdiction" states:

"Petition to Correct Illegal Sentences; and to Return Petitioner to the District Court to Perfect Direct Appeal, Authorized by Rule 37, F.R. C.P., or to Grant Appropriate Relief. Petition Filed Under Authority of Title 28, Section 2255. Hearing Held on July 12, 1961, in U. S. District Court Topeka, Kansas, on the Points Presented Herein Ruled Sec. 2255 was Remedy, See Exhibit 'D' Attached."

Exhibit D referred to reads as follows:

"In the United States District Court for the District of Kansas

"Allen G. Rader, Petitioner, vs. J. C. Taylor, Warden, Respondent. } No. 3179 H.C.

"Order

"The Clerk is directed to file the letter of Allen G. Rader, petitioner in the above entitled cause, dated July 31, 1961, as a petition for rehearing.

"The Court has given consideration to said letter and is of the view that it should be denied. The petitioner's contention is that at his hearing before this Court on July 12, his attorney presented only one

point, while his supplemental petition of June 16, set out two additional points for consideration. The court has given consideration to the supplemental petition and concludes that it sets out nothing giving this court jurisdiction. Petitioner's entire case relates to matters which occurred in the trial court in a jurisdiction other than the jurisdiction of this court. All such questions must be raised in the sentencing court under 28 U.S.C.A., 2255, and may not be raised in this court by habeas corpus.

"It Is, Therefore, by the Court Considered, Ordered and Adjudged that the petition to review the decision of this court be, and the same is hereby denied.

"Dated at Topeka, Kansas, this 4th day of August, 1961.

"/s/ Walter A. Huxman
"Judge, Assigned."

It will be remembered that this defendant in his third proceeding based his right to relief upon 28 U.S.C. § 2255, as well as upon Rule 35, F.R.Crim.P., and at that time the court, in considering the defendant's contentions under Sec. 2255, at page 229 of 185 F.Supp., said:

"A motion to vacate judgment under this statute must challenge the jurisdiction of the court, or must charge that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Johnston v. United States, [254 F.2d 239] supra."

The above was taken directly by this court from the opinion of Johnston v. United States, 8 Cir., 1958, 254 F.2d 239 and the language used is the language of Judge Matthes speaking for the court.

Judge Matthes further said at page 241 of 254 F.2d:

"It is clear from the motion filed by appellant and the files and records of the case that the court was vested with jurisdiction; the sentence imposed was within the limits authorized by law; there was no denial of appellant's constitutional rights, and no infirmities appear therefrom which would render the judgment vulnerable to collateral attack under Title 28 U.S.C.A. Sec. 2255; that inasmuch as the motion and the files and records conclusively show that appellant is entitled to no relief, the district court properly denied a hearing on the motion."

In Rader v. United States, 288 F.2d 452, at page 453, Judge Woodruff, writing for the court held that in a proper case relief may be obtained under 28 U.S.C.A. § 2255, and in disposing of the appeal said:

" * * * The files and records of this case disclose clearly that at the time the sentence was imposed, the court was vested with jurisdiction; the sentence was within the limits authorized by law; there was no denial of defendant's constitutional rights and no other infirmities that would render the judgment vulnerable to attack."

Evidently Judge Huxman was not advised of the many contentions that have been made by the defendant and disposed of by this court.

The defendant requests that he be permitted to appear personally for a hearing upon his motion or petition. In this connection he alleged:

"Petitioner now states that the commitments and judgments in his case are illegal and that in accordance with due process of law a hearing is necessary on this petition in order that justice may prevail. Petitioner wishes to represent himself in an open court of law in this matter."

The court does not believe that any useful purpose would be served by transporting the defendant from the prison in which he is now confined to this court for a hearing on his petition. There isn't anything that the defendant

can claim or allege that has not heretofore been alleged by him and disposed of by the court. The files and records of the court disclose precisely what was done. The defendant understood completely all the proceedings. He and his attorney knew the effect of the judgment of which he now complains. He has alleged in other attacks on the judgment that the sentence on Count 2 of No. 5475 was to run consecutively to the sentence on Count 1.

He has made the same requests heretofore in other attacks on the proceedings. See D.C.W.D.Ark.1959, 172 F.Supp. 86 at page 92, where the court said:

"The defendant seems to think that the sentences imposed are excessive, but they are within the provisions of the statute which he violated, not once, but 16 times. He and his associates procured the money order blanks and deliberately started out on a crime spree. The defendant contends that he is deeply in love with his co-defendant in some of the cases, Nancy Hendricks, and professes to have embraced Christianity, and now has a desire to marry Miss Hendricks and try to rehabilitate himself. When he started on the spree over the central states, he was not a stranger to law violations or to the courts, and the court is definitely of the opinion that the punishment assessed is moderate when all the facts and circumstances are considered, and that no useful purpose could possibly be served by a hearing on the motion."

What the court said then is applicable in the instant proceeding.

When the motion or petition of defendant was received, the court entered an order permitting the defendant to file the same without prepayment of costs, and immediately began to consider the allegations and contentions set forth in the motion. After completing the consideration and preparing this opinion, the defendant mailed to the Clerk of the Court an amendment to the motion or petition, and upon being advised by the Clerk that such document had been received, the court entered another order directing the Clerk to file the amendment on September 5, 1961.

The court has given further consideration to the original motion and petition along with the amendment thereto, and is satisfied that the allegations contained in the petition and amendment thereto and the contentions made by the defendant are frivolous.

The motion or petition of defendant and the amendment thereto should be denied, and an order is being entered today denying the same.